# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, )<br>A National Banking Association, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUILDERS BANK, )<br>An Illinois Banking Corporation )<br>)<br>Defendant. ) | Case No. 08-cv-5648<br><br>Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

This case arises out of a single-count complaint filed by Plaintiff US Bank National Association ("US Bank") against Defendant Builders Bank for breach of contract. Before the Court is Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's motion to dismiss [16] is respectfully denied.

## I. Background[1]

US Bank entered into a participation agreement with Builders Bank on December 20, 2006, whereby US Bank obtained a fifty percent ownership interest in a $5,190,000 loan originated by Builders Bank to a third party, Gaviota Partners II, LLC ("Gaviota"). Compl. ¶ 5. Gaviota failed to repay the loan upon maturity, thereby triggering a default. *Id*. ¶ 6. Builders Bank issued a default notice to Gaviota and sent a copy of that notice to US Bank. *Id*. Thereafter, Builders Bank pursued a course of negotiations with Gaviota seeking to modify the terms of the

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A*., 507 F.3d 614, 618 (7th Cir. 2007).

loan. *Id*. ¶¶ 6-7. The negotiations were conducted exclusively between Builders Bank and Gaviota, and Builders Bank never sought any meaningful consultation with US Bank. *Id*. ¶ 7. Builders Bank did keep US Bank apprised of the negotiations from time to time. *Id*. US Bank insisted that any decisions regarding modifications of the loan's material terms be unanimous, relying on the terms in the participation agreement. *Id*. After the negotiations were complete, Builders Bank issued to Gaviota an amended note governing the loan terms, which contained provisions that materially modified the original terms of the loan. *Id*. ¶ 9. Specifically, the maturity of the loan was extended in excess of three years and interest payments were deferred for more than a year. *Id*.

Builders Bank's action in amending the note without US Bank's prior written consent forms the basis for the alleged breach of the participation agreement. The participation agreement sets forth certain "Major Decisions," which require prior written consent of US Bank. Compl. ¶ 8. Extending the maturity date of the loan and deferring interest payments are defined by the agreement as "Major Decisions." *Id*. ¶ 9. US Bank alleges that Builders Bank breached the participation agreement because it did not have US Bank's prior written consent before issuing the amended note embodying these "Major Decisions." *Id*.

The participation agreement also contains an "exculpation" provision, which provides:

> <u>Lead Lender Exculpation</u>. …Lead Lender [Builders Bank]…shall [not] be liable to Participant [US Bank] for any obligation, undertaking, act or judgment of Borrower or any other person, or for any error of judgment or any action taken or omitted to be taken by Lead Lender in administering the Loan in accordance with this Agreement. The duties of Lead Lender shall be mechanical and administrative in nature. Lead Lender shall not be deemed to be a trustee, fiduciary or agent for Participant in connection with the Loan. Lead Lender will exercise the same care in administering the Loan as if it had retained the Loan for its own account but shall not be liable for any error in judgment or for any action taken or omitted to be taken by it, except for gross negligence or willful misconduct. Compl. Ex. 1 § 4.8.

2

As a result of the alleged breach by Builders Bank of the participation agreement, US Bank claims that it "is placed in the untenable position of being forced into a relationship of trust notwithstanding that its lead lender/participant has breached that trust." Compl. ¶ 12. US Bank seeks relief by asking the Court to require Builders Bank to purchase US Bank's interest in the loan and to pay all accrued interest due to it under the loan through the date of purchase. *Id*. Additionally, US Bank seeks "all damages it has suffered as a result of [the breach]…[and] such other relief this court deems proper." *Id*.

**II.      Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court will deny a motion to dismiss unless it appears beyond doubt that plaintiffs cannot prove their claims under any set of facts consistent with the complaint. *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 428 (7th Cir. 2005). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint "need not identify a legal theory, and specifying an incorrect theory is not fatal." *Bartholet v. Reishauer, A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).

Plaintiff has attached to its complaint various documents, including the participation agreement, the default notice and the amended note. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). While the Court must generally accept Plaintiff's allegations as true, the Court is free to examine

independently and form its own conclusions as to the proper construction and meaning of documents attached to and made part of the complaint. See *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (quoting 5 Wright & Miller, Federal Practice & Procedure: Civil 2d § 1327, at 766 (1990)). To the extent that the terms of attached documents conflict with the allegations of the complaint, the attached documents control. *Centers v. Centennial Mortgage Inc.*, 398 F.3d 930, 933 (7th Cir. 2005). "[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir. 1990) (quoting *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992)).

## III.     Analysis

To state a claim for breach of contract under Illinois law, a plaintiff must allege: (1) offer and acceptance; (2) consideration; (3) definite and certain terms; (4) performance by the plaintiff of all required conditions; (5) breach; and (6) damages. See, *e.g.*, *Barille v. Sears Roebuck and Co.*, 289 Ill. App. 3d 171, 175 (1st Dist. 1997). Defendant's motion asserts three alternative theories for dismissal. First, Defendant argues that Plaintiff seeks the equitable remedy of rescission, which is unavailable as a matter of law for the simple breach alleged. Second, Defendant suggests that Plaintiff has failed to allege in what way or in what amount it actually has been damaged, thereby failing to fulfill the damages requirement for stating a valid claim for breach of contract. Third, Defendant argues that it is exempt from liability under the exculpation provision of the contract. According to Defendant, that provision negates liability unless Defendant's actions constitute gross negligence or willful misconduct and Plaintiff has failed to allege any such conduct. The Court considers each argument below.

### A. Plaintiff's demand for relief is sufficient

Defendant contends that Plaintiff seeks only rescission of the contract in its prayer for relief and that such a remedy is not available for a simple breach. According to Defendant, because a fiduciary duty did not exist between the parties, Plaintiff has not alleged any facts that would entitle Plaintiff to the equitable remedy of rescission. Plaintiff responds that it is neither claiming a breach of fiduciary duty nor seeking rescission; Plaintiff instead characterizes the relief that it seeks as restitution damages. Because restitution can be characterized as legal or equitable, Plaintiff argues that it need not prove the appropriateness of equitable relief. The Court concludes that Defendant's argument is premature and cannot justify dismissal. Whether Plaintiff's demand for relief specifically seeks rescission or restitution is not dispositive at the pleadings stage.

To begin with, while a complaint must include a demand for the relief sought, it "may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Indeed, the demand for relief "is not itself a part of the plaintiff's claim, and so failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (citations omitted). "Any doubt on this score is dispelled by Rule 54(c), which provides that a prevailing party may obtain any relief to which he's entitled even if he 'has not demanded such relief in [his] pleadings.'" *Id*. Thus, even if Defendant could establish as a matter of law that Plaintiff would not be entitled to equitable rescission, "this would not justify dismissal of the suit." *Id*.

In any event, even if Plaintiff were required to plead each specific remedy that it seeks, Plaintiff prays for an alternative remedy in its demand for relief. Specifically, in addition to its request for Defendant to purchase US Bank's interest in the loan and pay all accrued interest,

Plaintiff demands relief for "all damages it has suffered" as a result of the breach,. Thus, even if rescission and restitution are not recoverable, Plaintiff has demanded an alternative remedy.

The critical issue at the motion to dismiss stage is whether relief is possible under any set of facts that could be established consistent with the allegations. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Here, it is possible that Plaintiff could establish facts consistent with the allegations that would make a damage award appropriate. If Plaintiff presented evidence that convinced the trier of fact that Plaintiff suffered reasonably certain damage as a result of the breach, as the complaint suggests, then a damage award may be warranted. See *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 632 (7th Cir. 2007) (even if a plaintiff cannot prove damages to a reasonable degree of certainty, it may be entitled to nominal damages upon a showing of breach of contract). In short, because the complaint raises the possibility of an entitlement to relief, the Court must reject Defendant's first argument for dismissal.

### B. Plaintiff sufficiently alleges damage

Defendant next suggests that Plaintiff has failed to state a valid claim for breach of contract because Plaintiff has not alleged in what way or in what amount it has been damaged. At the pleadings stage, the Court must draw all inferences and resolve all ambiguities in the complaint in favor of the plaintiff. See *Perkins*, 939 F.2d at 466. The complaint provides: "As a result of the breach by Builders Bank of the Participation Agreement, US Bank is placed in the untenable position of being forced into a relationship of trust notwithstanding that its lead lender/participant has breached that trust." And the complaint demands relief for "all damages [Plaintiff] has suffered as a result" of the breach. *Id.* Although these allegations have somewhat of a bare bones quality to them, the Court reasonably can infer that Plaintiff has suffered damage

from the alleged breach. As such, the complaint sufficiently alleges the damage element to survive dismissal. Of course, if Plaintiff cannot prove any damages with reasonable certainty upon development of a full factual record, the claim may be susceptible to resolution in favor of Defendant on summary judgment.

### C. Exculpation provision does not justify dismissal

Finally, Defendant argues that Plaintiff's claim should be dismissed because the participation agreement includes specific language that exculpates Defendant from liability unless its actions constitute gross negligence or willful misconduct, which Plaintiff does not allege. In response, Plaintiff contends that the exculpation clause applies only to actions taken "in accordance with" the participation agreement. Plaintiff further argues that the exculpation provision cannot insulate Defendant from liability for the actions in the complaint because the alleged actions were not taken "in accordance with" the agreement.

At this stage of the case, the Court need not resolve the scope of the exculpation provision, because even if the Court were to give the Defendant the benefit of assuming that the provision applies to the conduct at issue, dismissal would not be appropriate. A recent decision in this district evaluating a nearly identical exculpation provision is highly instructive. In that case, Chief Judge Holderman denied a motion to dismiss on the ground that a plaintiff need not allege specifically that the conduct was willful or grossly negligent and will not face dismissal unless the facts presented in the complaint so "undermine [Plaintiff's] own allegations" that Plaintiff has "plead himself out of court." *Platinum Community Bank v. Marshall Inv. Corp.*, 2008 WL 4866343, *7 (N.D. Ill. July 29, 2008) (citing *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008)). Applying that correct statement of the law to the complaint in this case, the Court concludes that Plaintiff has not alleged facts showing Defendant's actions could not

constitute gross negligence or willful misconduct. To the contrary, accepting the allegations as true and drawing inferences in Plaintiff's favor, it is conceivable that a trier of fact could find that unambiguously breaching a contract by unilaterally altering major terms of a jointly-held note amounts to gross negligence or willful misconduct. Again, discovery may shed further light on the matter, after which time Defendant will be free to consider whether a summary judgment motion is appropriate. For present purposes, however, Plaintiff has adequately stated a claim for breach of contract, even without expressly alleging that the Defendant's conduct falls outside of the exculpation provision by characterizing that conduct as gross negligence or willful misconduct.

**IV.     Conclusion**

For the reasons stated above, Defendant's motion to dismiss [16] is respectfully denied.

Dated: September 16, 2009    _____
Robert M. Dow, Jr.
United States District Judge